## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **KAZI FOODS OF MICHIGAN, INC.,** | ) | **Case No. 11-43971** |
| | ) | |
| **Debtor.** | ) | |
| | ) | **Judge Thomas J. Tucker** |
| | ) | |
| | ) | |
| In re: | ) | **Chapter 11** |
| | ) | |
| **KAZI FOODS OF FLORIDA, INC.,** | ) | **Case No. 11-43986** |
| | ) | |
| **Debtor.** | ) | |
| | ) | **Judge Steven W. Rhodes** |
| | ) | |
| | ) | |

## AFFIDAVIT AND STATEMENT OF STEPHEN POLUDNIAK
## IN SUPPORT OF FIRST DAY MOTIONS

I, Stephen Poludniak, being duly sworn, depose and state as follows:

1.      I am the Treasurer of the above captioned debtors ("Debtors"). I submit this Affidavit in support of the relief that the Debtor has requested in each of its applications and motions filed at the commencement of this chapter 11 proceeding ("First Day Motions").

2.      All of the facts set forth in this Affidavit are based on my personal knowledge, upon information supplied to me by others at the Debtors' business, upon my own personal review of documents, or my opinion based upon my experience and knowledge of the Debtors' operations and financial condition. If called to testify, I could and would testify competently as to the facts set forth herein.

3.    This Affidavit describes the business of the Debtor and the circumstances leading up to the commencement of this chapter 11 proceeding, and facts and information in support of the First Day Motions.

## I.    BACKGROUND

### A. The Chapter 11 Filing

4.    On February 17, 2011 ("Petition Date") the Debtors each filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code"). The Debtors are continuing in possession of its property and is operating and managing its business as a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

### B. The Debtors and Events Leading to Filing

5.    The Debtors are owners and operators of 65 Kentucky Fried Chicken franchises, 44 in the state of Michigan and 21 in the state of Florida. The Debtors have annual revenues of over $32 million in Michigan and $18 million in Florida and employee 678 individuals and 360 individuals, respectively, in each state.

6.    Prior to the Petition Date, the Debtors (as well as non-debtor related entities) have been in litigation with its primary secured lender, Colonial Pacific Leasing Corporation and General Electric (as more fully set forth in the Motion to Use Cash, identified below)("Secured Lender"), with respect to asserted defaults under its loan documents.

7.    On or about February 16, 2011, the Secured Lender began executing on a Writ of Replevin issued by the Circuit Court for Broward County, Florida, taking

{2611508:}

possession of certain collateral of the Secured Lender, including, but not limited to: cooking and food preparation equipment located within Debtors' restaurants.

8.      Therefore, in order to (i) sustain the operations of the Debtors and preserve the value of the Debtor's estate while defending claims against the Debtors alleged by Secured Lender, the Debtors have commenced this chapter 11 proceeding.

## II. FIRST DAY MOTIONS

9.      Concurrently with the filing of this chapter 11 proceeding, the Debtors have filed a number of First Day Motions. I have reviewed the First Day Motions and I believe the relief sought in each of the First Day Motions is necessary to enable the Debtors to operate in chapter 11 with a minimum of disruption or loss. The First Day Motions of the Debtors are summarized below.

### A. Motion for the Continued Use of Cash Management System, Bank Accounts and Business Forms

10.      The Debtors seek an order authorizing it to continue to use its existing pre-petition cash management systems, bank accounts and business forms ("Cash Management Motion"). As discussed in the Cash Management Motion, the disruption of its cash management system will impair the Debtors' ability to make a smooth transition into chapter 11 due to the Debtors' established process of monitoring and transferring of funds of the Debtor and payment of Debtor obligations. The Debtors will be subject to substantial administrative expense, both in resources and dollars, if it will be required to create a new cash management system, open new bank accounts and re-draft and print business forms.

11.      In addition, the Debtors frequently receive and make transfers by wire or ACH transfer in the ordinary course, which is not allowed by the current U.S. Trustee

{2611508:}

Guidelines. The inability to conduct business by wire, ACH transfers, or other similar methods would interfere with and unnecessarily disrupt the Debtors' post-petition operations and create additional costs for the Debtors.

12.     The Debtors therefore requests the Court, pursuant to its Cash Management Motion, to continue the use of existing cash management systems, bank accounts and business forms.

**B. Motion for Order (A) Authorizing Debtors' Use of Unencumbered Cash Or, In the Alternative, Cash Collateral and (B) Granting Adequate Protection**

13.     The Debtors seek the entry of an order granting it authority to use cash generated in the ordinary course of business from sales at its restaurant locations ("Motion to Use Cash"). The cash generated from the operation of Debtors' business represents payment for services, rather than the purchase of inventory. The Debtors believe, therefore, that the cash generated from sales at its restaurants do not constitute cash collateral.

14.     Out of an abundance of caution, however, the Debtors believe the relief requested in the Motion to Use Cash is necessary to (a) avoid a future dispute over whether or not cash generated from sales constitute cash collateral, and (b) to grant adequate protection to the Debtors' Secured Creditor in the event necessary. The potential of an unexpected prohibition of the use of cash from sales will be detrimental to the Debtors' business and its estates, and therefore, the Debtors request the Court to grant the relief set forth in the Motion to Use Cash.

{2611508:}

## C. Motion for Additional Time To File Schedules and Statements

15.     The Debtors are requesting additional time to prepare and file its required bankruptcy schedules and statement of financial affairs under Bankruptcy Rule 1007(b) and (c).

16.     The Debtors are cognizant of the requirement under Bankruptcy Rule 2003 that the First Meeting of Creditors proscribed in 11 U.S.C. § 341 be held no later than 40 days from the Petition Date.  To that end, the Debtor is requesting the Court to grant it a total of 35 days from the Petition Date, or March 24, 2011, to prepare and file its bankruptcy schedules and statement of financial affairs.

17.     The Debtor believes the additional time to prepare such schedules and statement will not prejudice any party in interest, and will ensure greater accuracy of the disclosures contained in such schedules and statements, and therefore asks the Court to grant its request.

## D. Motion for Order (A) Authorizing the Debtors (i) To Pay Certain Prepetition Employee Obligations And Related Claims and (ii) To Continue to Provide Employee Benefits In The Ordinary Course of Business, and (B) Granting Other Related Relief

18.     The Debtors employee over 1000 full and part-time employees throughout its 65 locations in the states of Michigan and Florida.

19.     The employees perform a variety of critical tasks, including the daily staffing  and local management of the Debtors' restaurants, as well as provide direct services for Debtors' customers.  The employees' knowledge and understanding of the Debtors' business operations and customer relations is essential to the effective restructuring of the Debtors.  Without the continued services of its employees, an effective restructuring of the Debtors will not be possible.

{2611508:}

20. The Debtors seek entry of an order authorizing the Debtors to pay and honor its payroll and benefits obligations to its employees that accrued prior to the Petition Date ("Employee Wage Motion and Benefits Motion").

21. If prepetition wages and benefits are not received by employees in the ordinary course, they will suffer extreme personal hardship and, in many cases, will be unable to pay their basic living expenses. This would destroy employee morale and result in substantial and unmanageable employee turnover, causing immediate and pervasive damage to Debtors' business operations and irreparable harm to the Debtors' estates and restructuring efforts.

22. The Employee Wage and Benefits Motion also provides for the ability of the Debtors to remit all withholding and other employee related taxes and deductions to the appropriate federal or state agencies.

23. The Debtors therefore request this Court to grant the relief requested in the Employee Wage and Benefits Motion to allow the Debtors to pay all employee wage and benefits obligations accrued prior to the Petition Date.

{2611508:}

I, Stephen Poludniak, respectfully submit the foregoing under oath.

_____
Stephen Poludniak, Treasurer

Subscribed and sworn to before
me this 17th day of February, 2011


Carol Howard , Notary Public
State of Florida County, palm Bch
My Comm. Exps.: 01/19/2015

CAROL HOWARD
Notary Public - State of Florida
My Comm. Expires Jan 19, 2015
Commission # EE 29063

{2611508:}