UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| KAZI FOODS OF MICHIGAN, INC., ) | Case No. 11-43971 |
| ) | |
| Debtor. ) | |
| ) | Judge Thomas J. Tucker |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| KAZI FOODS OF FLORIDA, INC., ) | Case No. 11-43986 |
| ) | |
| Debtor. ) | |
| ) | Judge Steven W. Rhodes |
| ) | |

**FIRST DAY MOTION OF DEBTORS FOR ENTRY OF AN
ADMINISTRATIVE ORDER DIRECTING JOINT
ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 1015-1 (E.D.M.) for the entry of an administrative order, substantially in the form attached hereto as Exhibit A, authorizing the **joint administration** of the affiliated Debtors' related chapter 11 cases for procedural purposes only.

In support of this Motion, the Debtors respectfully state as follows:

### Background

1. On February 17, 2011 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Debtors' chapter 11 cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtors operate 65 Kentucky Fried Chicken ("KFC") restaurants in Michigan and Florida with a combined annual revenue of approximately $50 million.

4. As of the Petition Date, Debtors have a combined workforce of approximately 1038 employees, of none are members of a union.

5. Debtors operate their businesses out of approximately 65 facilities located in Michigan and Florida.

6. The Debtors have approximately 1600 creditors, secured and unsecured.

7. Debtors operate in the very competitive fast food market. Their costs are primarily related to labor and the purchase of food items. If the business operations of Debtors were to be interrupted, Debtors stand to lose significant business resulting in substantial and irreparable harm to the ongoing value of the Debtors and their estates.

8. Prior to the Petition Date, the Debtors (as well as non-debtor related entities) have been in litigation with its primary secured lender, Colonial Pacific Leasing Corporation and General Electric ("Secured Lender"), with respect to defaults under its loan documents.

9. On or about February 16, 2011, the Secured Lender began executing on a Writ of Replevin issued by the Circuit Court for Broward County, Florida, taking constructive possession of certain collateral of the Secured Lender, including, but not limited to: cooking and food preparation equipment located with Debtors' restaurants.

10. Therefore, in order to sustain operations and preserve the value of the Debtors' estates, the Debtors' commenced these chapter 11 proceedings.

**Relief Requested**

11. By this Motion, the Debtors seek an order for joint administration of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1 (E.D.M.).

**Basis for Relief**

12. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. See, Fed. R. Bankr. P. 1015(b). Joint administration of these chapter 11 cases (a) will ease the administrative burden on the Court and the parties, (b) will protect creditors of different estates, and (c) will simplify the United States Trustee's supervision of the administrative aspects of these chapter 11 cases. Accordingly, the Debtors respectfully request that the Court jointly administer the above-captioned chapter 11 cases, solely for procedural purposes, under the case number assigned to Kazi Foods of Michigan, Inc.

13. Pursuant to Local Bankruptcy Rule 1015-1 (E.D.M.), the Debtors make the following disclosures:

> (i) Debtors are affiliates of one another and are privately held entities wholly owned by Zubair Kazi, an individual. The identification of the equity security holder is identified in the list filed with the Court pursuant to Rule 1007(a)(3).
>
> (ii) Each of the Debtors are obligors under certain loan agreements ("Loans") with General Electric Capital Business Asset Funding Corporation ("GE"), Colonial Penn Leasing Corporation ("Colonial"), Sovereign Bank ("Sovereign"), GE Capital Franchise Corporation ("GECFC") and the Bank of New York ("BNY"), collectively

the "Secured Lenders"). Upon information and belief, GE acts as agent for the Secured Lenders. A complete detail of any and all inter-company claims will be disclosed and incorporated into the Debtors' Statement of Financial Affairs to be filed with the Court.

(iii) Neither of the Debtors are a guarantor or co-obligor of any obligations of any non-debtor equity holders. Debtor Kazi Foods of Florida, Inc. is a guarantor of an affiliated entity, Kazi Foods of New York, Inc. The sole shareholder of the Debtors, Zubair Kazi, is guarantor of all or a portion of the obligations of Debtors to Secured Lender.

(iv) In the ordinary course of business and prior to the Petition Date, funds may have been transferred between the Debtors. A complete list of the transfers will be disclosed and incorporated in the Debtors' Statement of Financial Affairs to be filed with the Court.

14. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect both of the Debtors. With two affiliated debtors, each with its own case dockets, the failure to administer these cases jointly would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Court.

15. Joint administration will permit the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of each of the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that

such parties in interest in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in all of these cases.

16. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court will also be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee also will be simplified.

17. Based on the foregoing, the joint administration of these chapter 11 cases is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest. Accordingly, the Debtors request that the caption of these chapter 11 cases reflect the joint administration of such cases, as proposed and attached as Exhibit B hereto.

18. The Debtors also request that the Clerk make separate docket entries in each of the above-captioned cases substantially as follows:

> An order (the "Joint Administration Order") has been entered in accordance with Fed. R. Bank.R. 1015(d) directing the joint administration of the following cases under case number 11-43971: Kazi Foods of Michigan, Inc., Case No. 11-43971; and Kazi Foods of Florida, Inc., Case No. 11-43986.

19. Finally, the Debtors request that the Court enter an order directing that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor against whom such claim is asserted, and not in the jointly administered case.

## Notice

20. Notice of this Motion has been given to (i) the Office of the U.S. Trustee, (ii) counsel for Debtors' Secured Lenders under their financing facilities, (iii) those creditors identified on the Debtors' list submitted pursuant to F.R.Bankr.P. 1007(d), and (iv) those parties required pursuant to L.B.R. 9013-1 (E.D.M.). In light of the fact that no trustee, examiner, or creditors' committee has been appointed or formed in these cases, the Debtors submit that no further notice is necessary or required.

## No Prior Request

21. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (a) authorizing the joint administration of the Debtors' cases; (b) granting such other and further relief as is proper.

Respectfully submitted,

/s/ Jeffrey S. Grasl
Stephen M. Gross (P35410)
Jeffrey S. Grasl (P62550)
Jayson B. Ruff (P69893)
McDONALD HOPKINS PLC
39533 Woodward Avenue
Suite 318
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075
E-mail: sgross@mcdonaldhopkins.com
jgrasl@mcdonaldhopkins.com
jruff@mcdonaldhopkins.com

PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION

Dated: February 17, 2011

# EXHIBIT A

**(First Day Proposed Order Authorizing Joint Administration of Debtors Chapter 11 Cases)**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| KAZI FOODS OF MICHIGAN, INC., | ) Case No. 11-43971 |
| | ) |
| Debtor. | ) |
| | ) Judge Thomas J. Tucker |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| KAZI FOODS OF FLORIDA, INC., | ) Case No. 11-43986 |
| | ) |
| Debtor. | ) |
| | ) Judge Steven W. Rhodes |
| | ) |

## ADMINISTRATIVE ORDER AUTHORIZING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

This matter coming before the Court on *First Day Motion of Debtors for Entry of an Administrative Order Directing Joint Administration of the Debtors' Chapter 11 Cases* (the "Motion"), filed by the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"); the Court having reviewed the Motion; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157; (b) the Debtors are "affiliates" within the meaning of section 101(2) of the Bankruptcy Code; (c) the joint administration of the Debtors' cases is appropriate pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 1015-1 (E.D.M.); and (d) service and notice of the Motion was sufficient under the circumstances; and the Court being fully advised in the premises and having

determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion shall be, and hereby is, GRANTED.

2. The Debtors' respective captioned and numbered cases are consolidated, for procedural purposes only, and shall be jointly administered under the case number assigned to Kazi Foods of Michigan, Inc. in accordance with Fed. R. Bankr. P. 1015(b) and Local Bankruptcy Rule 1015-1 (E.D.M.).

3. The caption of the jointly administered cases is to read as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **KAZI FOODS OF MICHIGAN, INC.** *et al.*[1] | ) | **Case No. 11-43971** |
| | ) | |
| **Debtors.** | ) | |
| | ) | **Judge Thomas J. Tucker** |
| | ) | |

[1] Debtors include Kazi Foods of Michigan, Inc. and Kazi Foods of Florida, Inc.

4. A docket entry shall be made in each of the above-captioned chapter 11 cases substantially as follows:

> An order (the "Joint Administration Order") has been entered in accordance with Fed. R. Bank.R. 1015(d) directing the joint administration of the following cases under case number 11-43971: Kazi Foods of Michigan, Inc., Case No. 11- 43971; and Kazi Foods of Florida, Case No. 11-43986.

5. A creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor against whom such claim is asserted and not in the jointly administered case.

6. Notwithstanding Fed. R. Bankr. P. 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                ) Chapter 11
                                                      )
KAZI FOODS OF MICHIGAN, INC. *et al.*[1]              ) Case No. 11-43971
                                                      )
            Debtors.                                  )
                                                      ) Judge Thomas J. Tucker
_____                  )

---

[1] Debtors include Kazi Foods of Michigan, Inc. and Kazi Foods of Florida, Inc.