UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KAZI FOODS OF MICHIGAN, INC., | ) | Case No. 11-43971 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Thomas J. Tucker |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| KAZI FOODS OF FLORIDA, INC., | ) | Case No. 11-43986 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Thomas J. Tucker |
| | ) | |
| | ) | |

### APPLICATION OF THE DEBTORS
### PURSUANT TO 11 U.S.C. §§ 327, 328, AND 1107(B) AND FED. R. BANKR. P. 2014
### TO EMPLOY AND RETAIN LAURA A. MARCERO OF HURON CONSULTING
### SERVICES LLC AS CHIEF RESTRUCTURING OFFICER
### FOR THE DEBTORS-IN-POSSESSION

NOW COME the above-captioned debtors and debtors in possession (collectively,

the "Debtors"), by way of this application (the "Application"), seeks the entry of an order

pursuant to §§ 327, 328, and 1107(b) of Title 11 of the United States Code, §§ 101, *et seq*

(the "Bankruptcy Code") authorizing the Debtors to employ Laura A. Marcero ("Ms.

Marcero") of Huron Consulting Services LLC ("Huron") as their Chief Restructuring

Officer ("CRO") within these bankruptcy proceedings. In support of this Application, the

Debtors respectfully represents as follows:

### Background

1. On February 17, 2011 (the "Petition Date"), the Debtors filed their voluntary

petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the

{2614425:3}

"Bankruptcy Code"). The Debtors are continuing in possession of their property and are operating and managing their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. No trustee, examiner or official committee of unsecured creditors has yet to be formed or appointed in this Chapter 11 Case.

### Jurisdiction, Venue and Statutory Predicate

3. Pursuant to 28 U.S.C. § 1334, this Court has jurisdiction over the Application, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue in this district is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code §§ 327, 328, and 1107(b) and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

### Terms of Retention

4. The Debtors seek to retain Ms. Marcero of Huron as their Chief Restructuring Officer because she has extensive experience substantial and knowledge in restructuring management and services. Ms. Marcero also has in-depth knowledge and experience in finance and accounting, which she will use to aid the Debtors.

5. The Debtors believes that Ms. Marcero is well–qualified and able to represent her in these chapter 11 cases in a professional, competent, efficient and beneficial manner. Within the scope of her employment, as more fully set forth in Huron's Engagement Letter attached hereto as Exhibit B (the "Engagement Letter"), Ms. Marcero would serve as Chief Restructuring Officer for the Debtors and be responsible for:

      a.      Evaluating Debtors' liquidity status and assist Debtors' management with their existing cash forecast (the "Budget") and related short term liquidity requirements;

b.     Preparing rolling 13 week cashflow projections;

c.     Monitoring Debtors' operations within the parameters of the Budget;

d.     Negotiating with Debtors lenders and other stakeholders for the purpose of restructuring various liabilities of the Debtors';

e.     Working with Debtors' management and other professional to manage and monitor any prospective sale(s) of the Debtors' assets;

f.     Making an assessment of a reasonable capital structure for the Debtors based upon expected results from operations properly assessed for risk , including appropriate leveraging and liquidity, as required;

g.     Assisting Debtors' and their counsel within these chapter 11 proceedings as required to facilitate the case management process;

h.     Assisting Debtors with the preparation of the Debtors' schedules of assets and liabilities, statement of financial affairs and mothly operating reports; and

i.     Performing any other restructuring management duties related to the role of CRO as requested directly by Debtors' Boards of Directors.

7.     Huron intends to apply for compensation for professional services rendered in connection with these chapter 11 cases by Ms. Marcero, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code and the Local Rules and Orders of this Court, on an hourly basis plus reimbursement of actual, necessary expenses and other charges that Huron incurs.

8.     The Debtors desire to employ Huron at a 20% discount from its normal hourly rates. The discounted range is as follows:

{2614425;3}

| Title | Hourly Rates |
|-------|--------------|
| Managing Director | $675-$750 |
| Director | $550-$620 |
| Manager | $410-$450 |
| Associate | $340 |

Ms. Marcero may, from time to time, require the services of additional professionals within Huron to assist in services to be provided to Debtors, which services shall also be billed at their respective hourly rates within the ranges set forth above.

8.     These hourly rates set forth above are Huron's discounted from its standard hourly rates for the types of services to be performed herein. These rates are set at a level designed to fairly compensate Huron for the work of its professionals and to cover fixed and routine overhead expenses. It is Huron's policy to charge its clients in all areas of practice for all out of pocket expenses incurred in connection with the clients' case. The expenses charged to clients include, among other things, telephone and telecopier toll charges, photocopying charges, travel expenses, expenses for "working meals," and computerized research.

9.     Pursuant to the terms of the Engagement Letter and subject to this Court's approval of Ms. Marcero's employment, Debtors will deposit with Huron a retainer ("Retainer") for services to be provided and expenses to be incurred in these cases in the amount of $50,000.

### Ms. Marcero's and Huron's Disinterestedness

10.     Based upon the supporting Affidavit of Ms. Marceor, attached hereto as Exhibit C, the Debtors believe that neither Huron or Ms. Marcero hold or represent an interest adverse to the Debtors' bankruptcy estates and are a "disinterested person" within the meaning of § 327(a) of the Bankruptcy Code and Ms. Marcero's employment is necessary and in the best interests of the Debtors and their estates.

### Notice

11.     A copy of this Application was served on the following parties: (i) Office of the United States Trustee, and (ii) all parties listed on the Debtors' creditor matrix filed in this case.  In light of the fact that no trustee, examiner, or creditors' committee has been appointed or formed in this case, the Debtors submit that no further notice need be given.

**[Space Intentionally Left Blank]**

{2614425:3}

WHEREFORE, the Debtors respectfully requests that the Court enter an order, substantially in the form attached hereto, (a) authorizing the Debtors to employ and retain Laura A. Marcero of Huron Consulting Services LLC as the Chief Restructuring Officer for the Debtors effective as of the Petition Date and (b) granting such further relief as the Court deems appropriate.

Respectfully submitted,

MCDONALD HOPKINS PLC

/s/ Jayson B. Ruff
Stephen M. Gross (P35410)
Jeffrey S. Grasl (P62550)
Jayson B. Ruff (P69893)
McDONALD HOPKINS PLC
39533 Woodward Ave., Ste. 318
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075
E-mail: sgross@mcdonaldhopkins.com
        jgrasl@mcdonaldhopkins.com
        jruff@mcdonaldhopkins.com

PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION

Dated: February 21, 2011

EXHIBIT A

APPLICATION OF THE DEBTORS
PURSUANT TO 11 U.S.C. §§ 327, 328, AND 1107(B) AND FED. R. BANKR. P. 2014
TO EMPLOY AND RETAIN LAURA A. MARCERO OF HURON CONSULTING
SERVICES LLC AS CHIEF RESTRUCTURING OFFICER
FOR THE DEBTORS-IN-POSSESSION

{2614425:3}

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| KAZI FOODS OF MICHIGAN, INC., | ) Case No. 11-43971 |
| | ) |
| Debtor. | ) |
| | ) Judge Thomas J. Tucker |
| | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| KAZI FOODS OF FLORIDA, INC., | ) Case No. 11-43986 |
| | ) |
| Debtor. | ) |
| | ) Judge Thomas J. Tucker |
| | ) |
| | ) |

ORDER GRANTING APPLICATION OF THE DEBTORS
PURSUANT TO 11 U.S.C. §§ 327, 328, AND 1107(B) AND FED. R. BANKR. P. 2014
TO EMPLOY AND RETAIN LAURA A. MARCERO OF HURON CONSULTING
SERVICES LLC AS CHIEF RESTRUCTURING OFFICER
FOR THE DEBTORS-IN-POSSESSION

This matter having come before the Court upon the *Application of Debtors Pursuant to 11 U.S.C. §§ 327, 328, and 1107(b) and Fed. R. Bankr. P. 2014 to Employ and Retain Laura A. Marcero of Huron Consulting Services LLC as Chief Restructuring Office for the Debtors-in-Possession* (the "Application"); and the Court having read the Application and being duly advised in the premises.

[Space Intentionally Blank]

**NOW THEREFORE IT IS ORDERED** that the above-captioned Debtors-in-Possession ("Debtors") may employ Laura A. Marcero of Huron Consulting Services LLC as their Chief Restructuring Officer herein upon the terms contained in its aforesaid Application and Engagement Letter as attached thereto, and that such employment is deemed effective retroactive to the petition date for these chapter 11 proceedings.

**EXHIBIT B**


APPLICATION OF THE DEBTORS
PURSUANT TO 11 U.S.C. §§ 327, 328, AND 1107(B) AND FED. R. BANKR. P. 2014
TO EMPLOY AND RETAIN LAURA A. MARCERO OF HURON CONSULTING
SERVICES LLC AS CHIEF RESTRUCTURING OFFICER
<u>FOR THE DEBTORS-IN-POSSESSION</u>



February 18, 2011

Mr. Steve Poludniak
Kazi Foods of Michigan
Kazi Foods of Florida
3671 Sunswept Drive
Studio City, CA 91604

Dear Mr. Poludniak:

I am pleased to confirm, on behalf of Huron Consulting Services LLC ("Huron", "we" "us" or "our"), our engagement to provide Kazi Foods of Michigan and Kazi Foods of Florida ("you" or "the Companies") certain restructuring management services and certain services related to the role of a Chief Restructuring Officer ("CRO").

*Objectives and Scope*

Our objective will be to assist and advise the Companies by providing certain restructuring management services, including the services of Laura A. Marcero, a Huron Managing Director, who will serve as your Chief Restructuring Officer ("CRO") and a member of your executive management team. Ms. Marcero in her capacity as the CRO will report to and be subject to the direct supervision of the Board of Directors ("Board"). She will work collaboratively with the Board and legal counsel to guide the Company through the restructuring process until the later of (a) the completion of the Chapter 11 cases or (b) such time as the stakeholders mutually agree that a CRO is no longer needed. In addition to Ms. Marcero, we will provide Huron professionals to serve as temporary staff ("Temporary Staff") to assist with your restructuring efforts.

We understand the scope of our engagement shall include the following:

> Evaluate the Debtors' liquidity situation and assist the Debtors' management with the existing cash forecast (the "DIP Budget") and related short-term liquidity requirements;
>
> Assist the Debtors in preparing rolling 13 week cashflow projections;
>
> Monitor the Debtors' operations within the parameters of the DIP Budget;
>
> Negotiate with the stakeholders of the Companies related to a restructuring of Kazi Foods of Michigan and Kazi Foods of Florida;



Work with the Debtors' management, and other professionals and stakeholders to manage and monitor any prospective sale(s) of the Debtors' assets pursuant to section 363 of the Bankruptcy Code;

Make an assessment of a reasonable capital structure for the Debtors based upon expected results from operations properly risk assessed including appropriate leverage and liquidity, as required;

Assist the Debtors and their legal counsel as necessary throughout these chapter 11 cases including, without limitation, addressing first-day matters and issues relating to first-day motions; assisting the Debtors in the post-petition process and in fulfilling their duties under the Bankruptcy Code, Court orders and the DIP Agreement; and working closely with the Debtors' claims agent, to facilitate the case management process;

Assist with the preparation of the Debtors' schedules of assets and liabilities, statements of financial affairs and monthly operating reports; and

Perform any other restructuring management duties relating to Ms. Marcero's role as CRO as requested directly by the Board.

## *Our Services*

Huron may provide additional resources or services to you related to the scope of the restructuring management services described herein, if agreed upon by Huron and the Board or its designated committee. The Company agrees to pay for such additional work under the hourly terms of this Engagement Letter (the "Agreement"). It is understood and agreed that the CRO will not be involved in any decision by the Company to use Huron for such additional resources or services.

We will not be auditing any financial statements or performing attest procedures with respect to information in conjunction with this engagement. Our services are not designed, nor should they be relied upon, to identify weaknesses in internal controls, financial statement errors, irregularities, illegal acts or disclosure deficiencies.



Huron will be responsible for overall management, hiring, and compensation of the Temporary Staff, and the Temporary Staff will not be considered your employees with respect to benefits and other employment matters. Neither Huron nor the Temporary Staff will be entitled to receive from the Company any vacation pay, sick leave, retirement, pension, social security benefits, workers' compensation, disability, unemployment insurance benefits, health or life insurance, or any other employee benefits. Huron will be responsible for all employment, withholding, and income taxes incurred in connection with the operation of Huron's business.

Unless the Board otherwise agrees, Huron shall cause Ms. Marcero to devote substantially her full-time efforts to the business and affairs of the Company, provided, however, that Ms. Marcero may be available to Huron for activities relating to the normal course of Huron's business (including directing associates and affiliates of Huron who may be working on other projects on Huron's behalf) to the extent such activities do not interfere with the performance of his duties to the Company hereunder.

Huron is prepared to commence this engagement immediately.

*Approach*

We anticipate that that the Huron team will work closely with key members of the Debtor's management team and review and discuss with them their views, observations, recommendations and other data that they may have available and deem appropriate. Such work will include visits to certain locations as the team deems necessary.

If any factors arise that are beyond our control that would affect the availability of our staff, such as death, illness, disability, or a career change, we will notify you immediately, and subject to your approval, provided such approval shall not be unreasonably withheld, we will assign a replacement executive with equivalent skills experience and expertise.

*Your Responsibilities*

In connection with our provision of services, you will perform the tasks, furnish the personnel, provide the resources, and undertake the responsibilities specified below.

You agree that within five days after approval of this Agreement by the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"), Laura A.



Marcero will be appointed by the Board to be the Company's Chief Restructuring Officer effective as of the Petition Date. A copy of the applicable resolution will be provided to Huron. You agree to provide all Huron personnel acting as an officer of the Company the most favorable indemnities provided by the Company to its officers and directors, whether under the Company's by-laws, partnership agreement, by contract, applicable law or otherwise. This indemnification is in addition to the indemnification afforded Huron under the attached General Business Terms. The Company shall also provide such Huron personnel full coverage under applicable Company insurance policies that protect officers and directors from liability. Certificates of insurance demonstrating the coverage contemplated by the foregoing shall be furnished to us, upon request.

Further, you agree to include and cover Ms. Marcero under the Company's directors' and officers' liability insurance ("D&O Insurance") to the same extent as the Company's officers.

In the event that other Temporary Staff become officers of the Company, such individuals will be entitled to receive the same indemnification described above with respect to Ms. Marcero.

Except as stated in this Agreement, the risk of loss with respect to the Company's operations and assets shall be borne by the Company. Huron shall not be deemed to have assumed or be liable for any claim, liability, or obligation of the Company whether known or unknown, fixed or contingent accrued or un-accrued. Except as otherwise required by applicable law, any reference to the nature or results of Huron's work may not be communicated to the public through public relations media, news media, sales media, or any other means without the prior written consent of both parties.

You will designate an employee or employees within your senior management who will make or obtain all management decisions with respect to this engagement on a timely basis. You also agree to ensure that all assumptions set forth below are accurate and to provide us with such further information we may need and which we can rely on to be accurate and complete. You also agree to cause all levels of your employees and contractors to cooperate fully and timely with us. We will be entitled to rely on all of your decisions and approvals and we will not be obligated to evaluate, advise on, confirm, or reject such decisions and approvals.

To help maximize the value of our work to you and to keep the project moving on schedule, you agree to comply with all of our reasonable requests and to provide us timely access to all information and locations reasonably necessary to our performance of the services.



The Company agrees to file with the Bankruptcy Court an appropriate motion prepared in consultation with Huron as to matters relating to Huron's retention by the Company in its chapter 11 cases. The motion shall seek authority to enter into this Agreement and approval of the terms hereof. The Company's entry into this Agreement remains subject to entry of a Bankruptcy Court order authorizing the Company to enter into this Agreement. Huron shall not be required to perform any services under this Agreement until the entry of the Bankruptcy Court's order authorizing the Company to enter into this Agreement. Any such order must be acceptable to Huron in its sole discretion.

Our services are based on the following assumptions, representations and information supplied by you. The successful delivery of our services, and the fees charged, are dependent on (i) your timely and effective completion of your responsibilities, (ii) the accuracy and completeness of any assumptions, and (iii) timely decisions and approvals by your management. You will be responsible for any delays, additional costs, or other liabilities caused by any deficiencies in the assumptions or in carrying out your responsibilities.

*Fees and Expenses*

We will bill on an hourly basis based on the actual hours worked and the following hourly billing rates (which may be subject to adjustment from time to time):

| Title | Hourly Rate |
|---|---|
| Managing Director | $675 - $750 |
| Director | $550 - $620 |
| Manager | $410 - $450 |
| Associate | $340 |

Huron agrees to provide a discount of 20% off of the hourly rates listed above.



Kazi Foods of Michigan/Kazi Foods of Florida
February 18, 2011
Page 6

Out of pocket expenses (including any matter related legal fees Huron may incur during the course of this assignment, transportation, lodging, meals, communications, supplies, copying, etc.) will be billed at the actual amounts incurred.

We understand that our bills should be sent to the Company and filed with the Bankruptcy Court under procedures established by order of the Bankruptcy Court.

*Retainer*

We require a retainer of $50,000. The retainer either will be applied to our final invoice to you at the conclusion of the engagement or will be refunded to you at that time.

Payment for the retainer and all invoices will be by wire transfer to:

Bank of America, N.A.
Chicago, Illinois'
Routing No. 0710-0050-5
Account Title: Huron Consulting Services LLC
Account Number: 5800297276

*Business Terms*

The attached General Business Terms apply to this engagement.

*  *  *  *  *  *

Please indicate your agreement with these terms by signing and returning to me the enclosed copy of this letter. We appreciate the opportunity to be of service to you and look forward to working with you on this engagement.



Kazi Foods of Michigan/Kazi Foods of Florida
February 18, 2011
Page 7

Sincerely,

HURON CONSULTING SERVICES LLC

By: _Laura Marcero_

Huron Restructuring & Turnaround Managing Director

Attachments:  General Business Terms

Acknowledged and Accepted:

Kazi Foods of Michigan
Kazi Foods of Florida

By: _____

Title: _Chief Financial Officer_

Date: _2/18/11_

EXHIBIT C

**APPLICATION OF THE DEBTORS**
**PURSUANT TO 11 U.S.C. §§ 327, 328, AND 1107(B) AND FED. R. BANKR. P. 2014**
**TO EMPLOY AND RETAIN LAURA A. MARCERO OF HURON CONSULTING**
**SERVICES LLC AS CHIEF RESTRUCTURING OFFICER**
**FOR THE DEBTORS-IN-POSSESSION**

{2614425:3}

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KAZI FOODS OF MICHIGAN, INC., | ) | Case No. 11-43971 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Thomas J. Tucker |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| KAZI FOODS OF FLORIDA, INC., | ) | Case No. 11-43986 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Thomas J. Tucker |
| | ) | |
| | ) | |

AFFIDAVIT OF LAURA A. MARCERO IN SUPPORT OF
APPLICATION OF THE DEBTORS
PURSUANT TO 11 U.S.C. §§ 327, 328, AND 1107(B) AND FED. R. BANKR. P. 2014
TO EMPLOY AND RETAIN LAURA A. MARCERO OF HURON CONSULTING
SERVICES LLC AS CHIEF RESTRUCTURING OFFICER
FOR THE DEBTORS-IN-POSSESSION

STATE OF MICHIGAN      )
                       )SS.
COUNTY OF OAKLAND      )

I, Laura A. Marcero, being first duly sworn and deposed, state:

1.     I am a managing director in the firm of Huron Consulting Services LLC

("Huron").

2.     Huron has no Pre-Petition claims against the either of the above-caption

debtors (the "Debtors").

{2614425;3}

3. Prior to the Debtors engaging the services of Huron, Huron has performed a complete and thorough analysis for any potential conflicts of interest and does not believe any genuine conflicts exist.

4. In the interest of full disclosure, prior to the Debtors engaging the services of Huron, Huron has performed services for certain of Debtors' creditors in matters wholly unrelated to the Debtors or these chapter 11 proceedings. These creditors include:

- GE Capital
- Reed Smith
- Chubb Services, Inc.
- DTE Energy
- Norton Insurance Services, Inc.; and
- Radiant Systems

5. As part of its practice, Huron appears in many cases, proceedings and transactions involving many different law firms, financial consultants and investment bankers in matters wholly unrelated to this bankruptcy. Huron has not identified any material relationships or connections with any law firm, financial consultant or investment banker involved in this bankruptcy that would cause it to be adverse to the Debtors, the Debtors' estates, any creditor or any other party-in-interest, or that would otherwise affect either Huron's judgment or ability to perform services for the Debtors.

6. Except as disclosed above, Huron has no connection with the Debtors, the Debtors' creditors, or the Office of the U.S. Trustee or any of its employees, and/or any other party in interest as well as their respective attorneys and accountants.

7.    Huron represents no interest adverse to the interest of the Debtors or their

Estates and is "disinterested" within the meaning of 11 U.S.C. § 101(14).

_Laura A. Marcero_
LAURA A. MARCERO

Subscribed and sworn to before
me this 21ˢᵗ day of February, 2011

_Shelly Harrow_
Shelly Harrow , Notary Public

Acting in Oakland County, Michigan
My Comm. Exps.: 10/05/2014

{2614425:3}