UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **KAZI FOODS OF MICHIGAN, INC.** *et al*[1] | ) | Case No. 11-43971 |
| | ) | *(Jointly Administered)* |
| Debtors. | ) | |
| | ) | Judge Thomas J. Tucker |
| | ) | |

**INTERIM ORDER GRANTING EXPEDITED RELIEF AND (A) AUTHORIZING USE OF UNENCUMBERED CASH OR, IN THE ALTERNATIVE, CASH COLLATERAL AND (B) GRANTING ADEQUATE PROTECTION**

These jointly administered cases came before the Court for a hearing on February 22, 2011 on the Debtors' Motion for (I) Expedited Relief, and (II) Interim and Final Orders (A) Authorizing Debtors' Use of Unencumbered Cash or, in the Alternative, Cash Collateral and (B) Granting Adequate Protection (Docket # 5, the "Motion"). Capitalized terms used, but not otherwise defined herein, have the meanings given to them in the Motion. Appearances are noted on the record.

General Electric Capital Corporation, GE Capital Commercial, Inc., General Electric Capital Business Asset Funding Corporation of Connecticut and Colonial Pacific Leasing Corporation (collectively "GE Affiliates") having filed an objection to the Motion, but having stipulated to the entry of this Order; and based on the arguments of counsel and the documents or records herein, the Court being fully advised in the premises, and after due deliberation and consideration and sufficient cause appearing therefor,

**THE COURT FINDS AND CONCLUDES THAT:**

---

[1] Debtors include Kazi Foods of Michigan, Inc., Case No. 11-43971 and Kazi Foods of Florida, Inc., Case No. 11-43986.

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court for the District of Michigan pursuant to 28 U.S.C. § 157. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Notice of the Motion and the Interim Hearing was sufficient under the circumstances and constitutes due and sufficient notice thereof.

C. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors have retained possession of their assets and are authorized to continue the operations and management of their businesses as debtors in possession.

D. No official committee of unsecured creditors has been appointed in the chapter 11 cases and no request has been made for appointment of a trustee or examiner.

E. The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

F. The Debtors' use of cash and other assets is necessary to the continued viability of the Debtors' businesses.

G. The Debtors assert that the GE Affiliates may have a lien on or security interests in certain non-cash assets of the Debtors, but have no interest in, or lien on, the Debtors' cash. Secured creditors assert that the Debtors' cash may be Cash Collateral, the use of which requires its consent or an order of the Court. The Court makes no finding on the issue for purposes of this Interim Order. Rather, to the extent the Debtors' cash is Cash Collateral, the Debtors' use of such cash is, as set forth below, authorized and approved on an interim basis.

H. The Debtors have proposed to provide adequate protection to secured creditors for the use of (i) those assets of the Debtors that are collateral of secured creditors, and (ii) cash, but only if, and to the extent, the Court later determines that the Debtors' cash is cash collateral of a

secured creditor. The Court makes no determination as to the priority, validity or extent of any lien asserted by the GE Affiliates, or the right of the GE Affiliates to adequate protection.

I. The GE Affiliates in their Objection, having requested, *inter alia*, that this Court determine, at a subsequent hearing, what constitutes adequate protection of their interests and having reserved for future determination the matters and things asserted in their Objection, Motion for Adequate Protection and Motion for Appointment of a Trustee or Examiner.

J. The evidence presented at the hearing substantiates the Debtors' request for use of cash and other assets.

**IT IS ORDERED THAT:**

1. The Motion is granted to the extent of the relief contained in this Interim Order.

2. Subject to the terms of this Interim Order, the Debtors are authorized to use the cash generated by the operation of their businesses to continue to operate their businesses in the ordinary course of business through April 4, 2011, consistent with the Budget attached to the Motion as <u>Exhibit B</u>, as amended by the Debtors' CRO and as may be amended in the future with the agreement of GE Affiliates, provided however, the Debtors are prohibited from paying management fees or making other transfers to insiders, including Kazi Management VI, LLC, ("KMVI") except corporate overhead items approved by GE Affiliates up to a aggregate and cumulative maximum of four percent (4%) of revenue (including those items already included in "corporate overhead" in the Budget attached to the Motion.) In the event of a dispute concerning the payment of any such item, Debtors shall be entitled to seek a determination from the Court on an expedited basis on whether the proposed payment benefits the Debtors and does not violate Subordination Agreements between GE Affiliates and KMVI. Such authorization shall include, but not be limited to, authorization (a) to pay the Debtors' normal and customary operating

expenses, approved chapter 11 expenses, and approved prepetition and postpetition administrative claims; (b) to pay the fees of the United States Trustee pursuant to 28 U.S.C. § 1930; (c) to pay the fees and costs of the professionals retained pursuant to Court order; and (d) to make those payments they are authorized to make pursuant to orders of the Court. The Debtors are authorized to make the expenditures provided for in the Budget monthly, and if necessary, to exceed the amounts set forth in each respective Budget by as much as 15% of the total Budget.

3. Subject to sections 361 and 363 of the Bankruptcy Code, as adequate protection for the Debtors' use of secured creditors' collateral, secured creditors are hereby granted the following: (a) replacement liens, pursuant to 11 U.S.C. § 552, in the Debtors' postpetition assets of the same type and nature as those assets, subject to the prepetition liens of secured creditor (collectively, the "Replacement Liens"); provided, however, that any and all such Replacement Liens will be of the same nature, character, validity, priority, dignity, extent and effect as each secured creditor had, if any, in such collateral prior to the Petition Date and shall be without prejudice to the rights of the Debtors or any other party in interest to challenge the nature, character, validity, priority, dignity, extent and effect of any such liens or commence any proceeding under the Bankruptcy Code seeking a determination with respect thereto or seeking to avoid or set aside any such liens; and provided further that such Replacement Liens shall specifically exclude all actions under chapter 5 of the Bankruptcy Code and the proceeds thereof; and (b) the right to receive copies of regular financial or operating reports, including those filed with the Office of the U.S. Trustee.

4. Nothing in this Interim Order shall operate to waive any of the Debtors' rights to contest the rights of the GE Affiliates to receive adequate protection, nor any rights of the GE Affiliates to seek other and further adequate protection

5. Any Replacement Liens granted or cash to be paid to each of any secured creditors, including the GE Affiliates, shall be limited to actual and demonstrated diminution in the value of their respective collateral.

6. Subject to the other provisions of this Interim Order, the Replacement Liens granted herein shall be valid and fully perfected without any further action by the Debtors or secured creditors and without the execution or the recordation of any financing statements, security agreements, mortgages or other documents. Notwithstanding the foregoing, each secured creditor is hereby authorized, but not required, to file or record financing statements, trademark filings, copyright filings, mortgages, account control agreements, notices of lien or similar instruments in any jurisdiction or take any other action in order to validate and perfect the Replacement Liens granted to them hereunder.

7. For purposes of this Interim Order only, the Replacement Liens granted hereunder shall be subject to the allowed postpetition fees and expenses of professionals retained in the Debtors' chapter 11 cases and the fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930.

8. The provisions of this Interim Order, as well as the Replacement Liens and security interests granted herein, shall continue in this and any subsequent case under the Bankruptcy Code. The Replacement Liens and security interests shall maintain their priority as provided in this Interim Order, until the indebtedness of the Debtors to each secured creditor has been completely paid and satisfied, unless otherwise ordered by the Court.

9. All excess cash generated by Debtors after payment of expenses pursuant to the Budget and this Order shall be retained by Debtors and not be transferred without an Order of this Court authorizing same, and shall be, and remain, subject to the claims, if any, of the GE Affiliates for payment as adequate protection.

10. The Debtors shall provide the GE Affiliates with the following financial information:

    a. A 13 week cash flow statement and budget within seven (7) days from the date hereof.

    b. Restaurant by restaurant budgets reasonably in conformance with GAAP within fourteen (14) days of the date hereof.

    c. Budget to actual comparisons showing the Debtor's performance and compliance with the Budget, which shall be due the Thursday of each week for the prior calendar week.

    d. Access to Debtors' facilities, book, and records, (in the original computerized format so as to permit full and organized access to accounting data) as well as its affiliates facilities where Debtors' records are located to enable the GE Affiliates to audit Debtor's records.

11. This Interim Order is without prejudice to the rights of the parties to seek any further or different relief, or modification of this Interim Order, including, but not limited to, relief from the automatic stay.

12. Except as expressly provided herein, the rights, claims, and interests of the Debtors, Secured Creditors, and all other parties in interest are hereby reserved.

13. The Final Hearing, which shall be an evidentiary hearing if necessary, is scheduled for **April 5, 2011 at 9:00 a.m.** before this Court, and shall be combined with the hearings on the Motions of the GE Affiliates for adequate protection and for appointment of a Trustee or Examiner.

The Debtors shall within 24 hours of its entry serve a copy of this Interim Order and the Motion on all parties entitled to notice under F.R. Bankr. P. 4001(d) and to any other party that has filed a request for notices with this Court, and to any Statutory Committee after the same has been appointed, or such Statutory Committee's counsel, if the same shall have been appointed. Any party in interest objecting to the relief sought at the Final Hearing shall serve and file written objections, which objections shall be served upon (a) McDonald Hopkins PLC, attorneys for the Debtors; 39533 Woodward Ave., Suite 318, Bloomfield Hills, Michigan 48304, Attention: Stephen M. Gross (sgross@mcdonaldhopkins.com) (facsimile: 248-646-5075) and (b) ReedSmith, attorney for GE Affiliates, 10 South Wacker Drive, 40th Floor, Chicago, Illinois, Attention: Alexander Terras (aterras@reedsmith.com) (facsimile: 312-207-6400) and (c) the Office of the United States Trustee for the Eastern District of Michigan, and shall be filed with the Clerk of the United States Bankruptcy Court for the Eastern District of Michigan, in each case to allow actual receipt by the foregoing no later than fourteen (14) days from the date hereof, except that an Official Committee may file objections within 14 days after it is served with this Order; provided, however that the Objection heretofore filed by the GE Affiliates shall be deemed a timely filed Objection hereto.

14. The Court has and will retain jurisdiction to enforce this Order according to its terms.

15. If no further objection is timely filed and the GE Affiliates withdraw their objection, this Order may become a final Order, with the deletion that the use of cash be limited to the expenses in the Budget and that the Debtors' use of cash may continue after April 4, 2011.

.

**Signed on February 22, 2011**

                                             /s/ Thomas J. Tucker
                                           Thomas J. Tucker
                                           United States Bankruptcy Judge