UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: | Case No. 11-43971

KAZI FOODS OF MICHIGAN, INC.,

Chapter 11
(Jointly Administered)[1]

Debtor.

Judge Thomas J. Tucker

_____/

**OPINION REGARDING DEBTORS' MOTIONS TO ASSUME
KFC FRANCHISE AGREEMENTS,
AND THE BANKRUPTCY CODE § 365(c)(1) ISSUE**

These jointly administered Chapter 11 cases came before the Court for a hearing on August 3, 2011, on six different motions. Four of the motions are motions by the Debtors to assume certain pre-petition franchise agreements between Debtors and KFC Corporation ("KFC") and establish cure costs associated with the proposed assumptions (Docket ## 284, 286, 288, 290, collectively, the "Assumption Motions").

KFC has objected to the Assumption Motions, on numerous grounds. This opinion addresses one of KFC's objections — namely, KFC's argument that under 11 U.S.C. § 365(c)(1), Debtors cannot assume any of the franchise agreements without KFC's consent, and KFC does not consent. Debtors and KFC have briefed this issue,[2] and they presented oral argument on this issue during the August 3 hearing. The Debtors' senior secured creditors, often referred to by the parties in this case as the GE Entities, also presented oral argument on this issue during the August 3 hearing, in support of the Debtors' position.

---

[1] The Debtors are Kazi Foods of Michigan, Inc., Case No. 11-43971; Kazi Foods of Florida, Inc., Case No. 11-43986; Kazi Foods of New York, Inc., Case No. 11-47551; and Kazi Foods of Annapolis, Inc., Case No. 11-47556.

[2] *See* Docket # 356 at 11-14 (KFC); Docket # 394 at 6-11 (Debtors).

At the conclusion of the hearing, the Court indicated that it would issue a written opinion on the § 365(c)(1) issue, by noon on August 4, 2011. This is that opinion.

With certain exceptions relating to KFC restaurants in Michigan and certain KFC restaurants in Maryland, the parties agree that the franchise agreements in question are executory contracts, within the meaning of 11 U.S.C. § 365. As to the stores in Michigan and certain stores in Maryland, KFC argues that it validly terminated the franchise agreements pre-petition, so that they were no longer executory contracts as of the petition date(s). Debtors dispute this. For purposes of this opinion, the Court does not address the termination argument, and related arguments. Because this opinion is limited to deciding the § 365(c)(1) issue, this opinion will assume, without deciding, that all of the franchise agreements that Debtors seek to assume are executory contracts subject to § 365.

KFC argues that Debtors may not assume any of the franchise agreements under § 365(a), because § 365(c)(1) precludes such assumption without KFC's consent. These sections state:

> (a) **Except as provided in** sections 765 and 766 of this title and in **subsections** (b), **(c)**, and (d) of this section, **the trustee**, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.
> . . .
>
> (c)   The trustee **may not assume or assign** any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, **if**--
>
> > (1)(A) **applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession**, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and

2

> (B) such party does not consent to such assumption
> or assignment[.]

11 U.S.C. § 365(a) and (c)(1)(emphasis added).

Section 365(a) only permits a "trustee" to assume or reject an executory contract. A Chapter 11 debtor in possession's ability to assume an executory contract is based on 11 U.S.C. § 1107(a). That section gives the Debtors, as Chapter 11 debtors in possession, the rights and powers of a trustee under § 365(a). Section 1107(a) states:

> (a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, **a debtor in possession shall have all the rights**, other than the right to compensation under section 330 of this title, **and powers**, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, **of a trustee serving in a case under this chapter**.

(emphasis added).

KFC argues, and the Debtors concede, that Debtors could not *assign* the franchise agreements to a third party, without KFC's consent, under federal trademark law, because such an assignment would necessarily include assignment of non-exclusive licenses granted by the franchise agreements to use KFC trademarks. *See, e.g.*, *In re XMH Corp.*, ___F.3d ___, Nos. 102596 - 10-2599, 2011 WL 3084926 (7th Cir. July 26, 2011), at *4; *N.C.P. Mktg. Group v. Blanks (In re N.C.P. Mktg. Group)*, 337 B.R. 230, 237 (D. Nev. 2005), *aff'd,* 279 Fed. Appx. 561 (9th Cir. 2008), *cert. denied,* 129 S. Ct. 1577 (2009). KFC argues, and the Court agrees, that in the words of § 365(c)(1)(A), such trademark law is an "applicable law" that "excuses a party, other than the debtor, to such contract [*i.e.*, KFC] . . . from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession." *See, e.g.*,

3

*XMH Corp.*, at *4 ("[t]he term 'applicable law' [in § 365(c)(1)] means any law applicable to a contract, other than bankruptcy law")(citations omitted); *In re Travelot Co.*, 286 B.R. 447, 454 (Bankr. S.D. Ga. 2002)("'[a]pplicable law' . . . under § 365(c) . . . includes intellectual property law governing the assignment of licenses.")(citations omitted).

At first blush, then, § 365(c)(1)(A) and (B) clearly would appear to preclude the Debtors from assuming any of their KFC franchise agreements, unless KFC consents to the assumptions (which it does not.) But Debtors argue that the Court should interpret § 365(c)(1) to allow the Debtors to *assume* the franchise agreements, even though Debtors could not *assign* the agreements, because Debtors are not seeking to *assign* any of the franchise agreements to any other party.[3] There is substantial case law, including decisions of the court of appeals for two circuits, that supports Debtors' interpretation of the statute. *See, e.g., Bonneville Power Admin.*

---

[3] While the general authority to *assume* an executory contract comes from § 365(a), any authority to *assign* an executory contract, once it has been assumed, comes from Code sections 365(f)(1) and (2), which state:

> (f)(1) **Except as provided in subsections** (b) and **(c) of this section**, notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, **the trustee may assign such contract or lease under paragraph (2) of this subsection**.
>
> (2) The trustee may assign an executory contract or unexpired lease of the debtor only if--
>
> > (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
> >
> > (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. §§ 365(f)(1) and (2)(emphasis added).

v. *Mirant Corp.* (*In re Mirant* Corp.), 440 F.3d 238, 247-51 (5th Cir. 2006); *Institut Pasteur v. Cambridge Biotech Corp.*, 104 F.3d 489, 493 (1st Cir. 1997)(citing *Summit Inv. & Dev. Corp. v. Leroux,* 69 F.3d 608 (1st Cir. 1995)); *Ohio Skill Games Inc. v. Pace–O–Matic, Inc.* (*In re Ohio Skills Games Inc.*), No. 08-6049, 2010 WL 2710522 (Bankr. N.D. Ohio July 8, 2010) at *4-7 (unpublished); *In re Footstar, Inc.*, 323 B.R. 566, 570-75 (Bankr. S.D.N.Y. 2005).

KFC, on the other hand, argues that Debtors' interpretation of the statute is contrary to its plain meaning, and simply incorrect. There is substantial case law, including decisions of the court of appeals for four circuits, that supports KFC's interpretation of the statute. *See, e.g., RCI Tech. Corp. v. Sunterra Corp.* (*In re Sunterra Corp.*), 361 F.3d 257, 265-70 (4th Cir. 2004); *Perlman v. Catapult Entm't, Inc.* (*In re Catapult Entm't, Inc.*), 165 F.3d 747, 749-54 (9th Cir. 1999); *City of Jamestown v. James Cable Partners, L.P.* (*In re James Cable Partners, L.P.*), 27 F.3d 534, 537 (11th Cir. 1994); *In re West Electronics, Inc.*, 852 F.2d 79, 83 (3d Cir. 1988); *Wellington Vision, Inc. v. Pearle Vision, Inc.* (*In re Wellington Vision, Inc.*), 364 B.R. 129, 136-37 (S.D. Fla. 2007).

Neither the Supreme Court nor the United States Court of Appeals for the Sixth Circuit has decided this issue. The Court has carefully considered all of the cases cited above, and all of the cases cited by the Debtors and KFC. The Court concludes that KFC is correct in its view of § 365(c)(1). The Court is particularly persuaded by the extensive and thorough reasoning of the Ninth Circuit in the *Catapult* case, and of the Fourth Circuit in the *Sunterra* case, and adopts that reasoning by reference.[4] Under § 365(c)(1), Debtors may not assume any of their franchise

---

[4] Among other things, those cases discuss the "plain meaning" rule of statutory interpretation; the recognized exceptions to that rule; how the various parts of § 365 interact in this context; statutory and legislative history; and policy arguments.

agreements with KFC without KFC's consent.

The result is that Debtors' Assumption Motions must be denied. The Court will enter a separate order today, denying those motions.[5]

**Signed on August 4, 2011**   /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[5] This decision makes the parties' pending discovery motions (Docket ## 377, 382) moot, so those motions will be denied as moot, by separate order to be entered today.

11-43971-tjt    Doc 413    Filed 08/04/11    Entered 08/04/11 12:48:08    Page 6 of 6