# EXHIBIT B

# (Asset Purchase Agreement)

{3620118:2}

# FIRST AMENDMENT TO

## ASSET PURCHASE AGREEMENT

THIS FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT (this "**Amendment**"), dated as of February 22, 2012, is made by and among **KAZI FOODS OF MICHIGAN, INC.**, a Delaware corporation ("**Michigan**"), **KAZI FOODS OF FLORIDA, INC.**, a Florida corporation ("**Florida**"), **KAZI FOODS OF NEW YORK, INC.**, a Delaware corporation ("**NY**") and **KAZI FOODS OF ANNAPOLIS, INC.**, a Maryland corporation ("**Annapolis**"; and collectively with Michigan, Florida and NY the "**Sellers**"), and **STAR KFC REALCO TWO, LLC**, a Texas limited liability company ("**Realco**") and **STAR PARTNER ENTERPRISES TWO, LLC**, a Texas limited liability company ("**Partner**" and collectively with Realco the "**Buyers**").

## RECITALS

WHEREAS, on February 20, 2012, the Buyers and the Sellers entered into an Asset Purchase Agreement (the "**Asset Purchase Agreement**"); and

WHEREAS, the parties desire to amend the Asset Purchase Agreement to set forth certain understandings reached since the date of the Asset Purchase Agreement;

NOW THEREFORE, in consideration of the above recitals and in consideration for the mutual promises contained herein and for other good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the parties hereto agree as follows:

## Article 1. Agreement

1.1     Defined Terms. Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Asset Purchase Agreement.

1.2     Prorated Amounts. Section 2.1(b) of the Asset Purchase Agreement provides that in certain circumstances the Cash Consideration to be paid to the Sellers shall be increased at Closing by the Prorated Amounts. Notwithstanding the provisions of Section 2.1(b), the Sellers and Buyers agree that if the Proration calculation would require Buyers to increase the Cash Consideration payable at Closing by the Prorated Amounts, in lieu of paying such additional Cash Consideration, the Buyers shall increase the amount of Sellers' Prebates payable to Sellers by an amount equal to the Prorated Amounts which otherwise would have been payable by Buyers following the Closing.

1.3     Additional Closing Condition. In addition to Closing conditions contained in Section 6.2 of the Asset Purchase Agreement, the obligations of Buyers to consummate the transactions contemplated by the Asset Purchase Agreement are subject to the receipt by Buyers of consents to the assignment of Sellers's existing franchise agreements franchise and/or license agreements with A&W Restaurants, Inc. ("**A&W**") and Long John Silver's, Inc. ("**LJS**"), in each case, by A&W and LJS to Buyers on terms acceptable to Buyers.

1.4     Franchise Agreements. Section 3.4 of the Asset Purchase Agreement requires the Buyers, as a condition to Closing, to enter into New Franchise Agreements for the Acquired Stores with the YUM! Parties. The parties agree that, in lieu thereof, as a condition to Closing the Buyers shall be required to enter into new Franchise Agreements with KFCC with respect to the KFC Acquired Stores and to assume the Sellers' existing Franchise Agreements with Taco Bell and Pizza Hut with respect to the Taco Bell and Pizza Hut Acquired Stores, each on terms acceptable to Buyers.

1.5     Amendments Concerning Buyer Expenses. Sections 7.2(d) and (e) of the Asset Purchase Agreement are hereby amended in their entirety to be and read as follows:

(d)     If this Agreement is terminated pursuant to Section 7.1(i) and Buyers, at the request of Sellers and GE, agree to not exercise their right to terminate or waive termination under Section 7.1(i) for a period of seven (7) days, then Buyers shall be paid the Buyer Expenses if Closing does not occur prior to the expiration of such seven (7) day extension period (provided that the Closing does not thereafter occur by mutual consent of the parties), and the Sale Order shall contain a provision providing for a carve out by GE from its collateral for the payment of the Buyer Expenses pursuant to this Section 7.2(d) or the Sellers shall obtain some other Order from the Bankruptcy Court providing for same prior to Closing.

(e)     If this Agreement is terminated (x) pursuant to Section 7.1(h) and GE unreasonably declines to permit Buyers to assume the GE Secured Claims on commercial terms consistent with this Agreement and there has not been a material failure of Buyers to perform or observe their covenants or obligations as set forth in this Agreement required to be performed or observed by them on or before the Closing Date or (y) pursuant to Section 7.1(i) and GE unreasonably declines to permit Buyers to assume the GE Secured Claims on commercial terms consistent with this Agreement (provided that in either of (x) or (y), the failure of Buyers to finalize such agreement with GE shall not be deemed to be a material failure of Buyers to perform or observe their covenants or obligations), then, in either case, Buyers shall be paid the Buyer Expenses (provided that the Closing does not thereafter occur by mutual consent of the parties), and the Sale Order shall contain a provision providing for a carve out by GE from its collateral for the payment of the Buyer Expenses pursuant to this Section 7.2(e) or the Sellers shall obtain some other Order from the Bankruptcy Court providing for same prior to Closing.

1.6     Proper Description of the Parties. In the Asset Purchase Agreement, Florida is described as a Delaware corporation and Annapolis is described as a Delaware corporation. All of the parties agree that Florida is actually a Florida corporation and Annapolis is actually a Maryland corporation and all references to Florida and Annapolis in the Asset Purchase Agreement refer to those entities as described in the preamble to this Amendment.

### Article 2.  Miscellaneous

2.1     Original Terms Maintained. The parties hereby agree that the Asset Purchase Agreement shall remain in full force and effect following the execution of this Agreement and

that except for the provisions of such agreement expressly amended above, none of the terms of such agreement are amended by the terms hereby.

2.2    Counterparts. This Amendment may be executed in multiple counterparts, each of which shall be deemed to be an original, but all of which shall collectively constitute one and the same instrument.  Facsimile and electronic copies of this Amendment shall be given the full force and effect as an original.

2.3    Authority.  Each person executing this Amendment represents, warrants and covenants that they have full authority to bind their respective party on behalf of which such individual undersigned representative has signed this Amendment.

**SIGNATURES ON FOLLOWING PAGE**

{3626531:}

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be executed as of the date first above written.

BUYERS:

**STAR KFC REALCO TWO, LLC**
By: Mastodon Restaurant Management, LLC,
its Manager

By:_____
Robert S. Hersch, Manager

**STAR PARTNER ENTERPRISES TWO, LLC**

By:_____
Robert S. Hersch, Manager

SELLERS:

**KAZI FOODS OF MICHIGAN, INC.**

By:_____
Name:_____
Title:_____

**KAZI FOODS OF FLORIDA, INC.**

By:_____
Name:_____
Title:_____

**KAZI FOODS OF NEW YORK, INC.**

By:_____
Name:_____
Title:_____

**KAZI FOODS OF ANNAPOLIS, INC.**

By:_____
Name:_____
Title:_____